# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BENJAMIN CUNNINGHAM,<br>　　　　Appellant, | DOCKET NUMBER<br>NY-3443-18-0200-I-1 |
| 　　　　v. | |
| ADMINISTRATIVE CONFERENCE<br>　OF THE UNITED STATES,<br>　　　　Agency. | DATE: November 3, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Benjamin Cunningham, Bronx, New York, pro se.

Matthew Wiener, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the appellant failed to make a nonfrivolous allegation that the Board has jurisdiction over his appeal, we AFFIRM the initial decision.

¶2    On petition for review, the appellant resubmits documents already in the record and repeats his allegations that the agency banned him from its office building and refused to provide him with copies of its administrative decision regarding a fraud complaint that he had filed against a Federal judge. Petition for Review (PFR) File, Tab 1 at 4-25; Initial Appeal File (IAF), Tabs 4-6.[2] He does not allege that he was ever a Federal employee or applicant for employment or

---

[2] After he filed his petition for review, the appellant attempted to submit two additional pleadings. PFR File, Tabs 3-4. The Office of the Clerk of the Board advised the appellant that he could submit a motion requesting leave to file additional pleadings, explaining the nature and the need for the pleadings, and showing that the evidence was not readily available before the record closed. PFR File, Tab 4; *see* 5 C.F.R. § 1201.114(a)(5), (k). The appellant subsequently filed a motion for leave to file an additional pleading in addition to his petition for review, asserting that the agency had failed to file any response to his appeal or provide any documents regarding his administrative procedures with the agency. PFR File, Tab 5. He thereafter filed an additional pleading, which was rejected by the Office of the Clerk of the Board. PFR File, Tab 7. The appellant has failed to sufficiently explain the nature of the argument or evidence he wishes to file in his additional pleading, how this purported new evidence or argument changes the outcome of his appeal, or why he could not have submitted such documents in his petition for review. *See Durr v. Department of Veterans Affairs*, 119 M.S.P.R. 195, ¶ 23 (2013); 5 C.F.R. § 1201.114(a)(5), (k). Accordingly, the appellant's motion is denied.

that he was subjected to an appealable action under 5 U.S.C. § 7512. PFR File, Tab 1 at 4-19. The appellant does not assert that he was entitled to a hearing or repeat his request for a hearing. *Id.*

¶3        Although an appellant bears the burden of proving by preponderant evidence[3] that his appeal is within the Board's jurisdiction, he is entitled to a jurisdictional hearing if he presents nonfrivolous allegations[4] of Board jurisdiction. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.56(b)(2)(i)(A). The administrative judge erred in applying a preponderant evidence standard, rather than nonfrivolous allegation standard, and finding that the appellant was not entitled to a hearing because he had not established that the Board had jurisdiction over his appeal by preponderant evidence. IAF, Tab 7, Initial Decision at 2, 4. However, having reviewed the record, we find that the appellant has not presented nonfrivolous allegations of Board jurisdiction. PFR File, Tab 1 at 4-19; IAF, Tabs 1, 4-6. Therefore, we find no material error in the dismissal of the appeal for lack of jurisdiction without holding a hearing.[5]

---

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[5] The appellant filed three additional appeals, all of which were dismissed for lack of jurisdiction. *Cunningham v. Office of Special Counsel*, MSPB Docket No. NY-3443-17-0015-I-1, Initial Decision (Nov. 18, 2016); *Cunningham v. Office of Special Counsel*, MSPB Docket No. NY-3443-18-0055-I-1, Initial Decision (Feb. 27, 2018); *Cunningham v. Office of Special Counsel*, MSPB Docket No. NY-3443-18-0201-I-1, Initial Decision (Sept. 21, 2018). The appellant's petitions for review of those three initial decisions will be resolved separately.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  /s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.